# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

_____ENTERED
_____LODGED _____RECEIVED

```
JOHN W. RENNIE, et al.         :        NOV 1 5 1999
                               :
v.                             :    Civil Action No. WMN-96-450
                               :        AT BALTIMORE
                               :        CLERK U.S. DISTRICT COURT
                               :        DISTRICT OF MARYLAND
SCHWEIZER AIRCRAFT CORPORATION :    BY                      DEPUTY
et al.                         :
```

### MEMORANDUM AND ORDER

Before the Court is Defendant Schweizer's motion for leave to
file an amended answer to include a cross-claim against recently
dismissed Defendant Lycoming (Paper No. 53).  Plaintiffs have
opposed the motion (Paper No. 58).  Upon review of the motion and
applicable law, this Court determines that Defendant's motion will
be denied.

Rule 15(a) of the Federal Rules of Civil Procedure provides
that leave to amend "shall be freely given when justice so
requires."  Leave to amend should not be granted, however, if
there is undue delay, bad fath, or dilatory motive on the part of
the movant or if undue prejudice will result if leave is granted.
See Foman v. Davis, 371 U.S. 178, 182 (1962).  This Court chooses
not to exercise its discretion and accordingly denies Defendant
Schweizer's motion to amend its answer to include a cross-claim
against Lycoming.

The helicopter crash underlying this action occurred on
October 18, 1992.  The subsequent suit has been pending for over

three years.  Pursuant to the Court's scheduling order, the

deadline for amendment of pleadings was on January 25, 1999.

Defendant Schweizer did not assert at any time prior to its

present motion that Lycoming was at fault.  It was only after

Plaintiffs and Lycoming recently settled, thereby dismissing

Lycoming from the case, that Defendant Schweizer sought leave to

amend its answer to include cross-claims for contribution and

indemnification against Lycoming.  The settlement did not identify

Lycoming as a joint tortfeasor in the action.  Schweizer admits

that it seeks to add a cross-claim at this time in order to

establish that Lycoming is a joint tortfeasor.  Schweizer's motion

to amend, based on its wish to be relieved of sole liability

should Plaintiff's claim be successful, constitutes undue delay.

The Court agrees with Plaintiffs that Schweizer cannot now move to

amend its answer in order to be protected from the implications of

its litigation strategy.  In addition, the Court is persuaded that

prejudice to Plaintiffs would result if Schweizer's motion is

granted; e.g., increasing costs and delaying the case.

Accordingly, IT IS this 15th day of November, 1999, by the

United States District Court for the District of Maryland,

ORDERED:

1. That Defendant Schweizer's motion to file an amended

answer (Paper No. 53) is hereby DENIED; and

2

2. That the Clerk of the Court shall mail or transmit copies of this Order to all counsel of record.

William M. Nickerson
United States District Judge